IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LORETTA HINES-SMITH and KATRINA SMALLS-NEAL, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL ACTION NO.:<br>)<br>) JURY DEMAND |
| ADT SECURITY SERVICES, INC. | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief and money damages instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, and 42 U.S.C. Section 1981. This action seeks both equitable relief and damages.

### II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

3. The plaintiffs, Loretta Hines-Smith and Katrina Smalls-Neal, have fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., as amended by Civil Rights Act of 1991, 42 U.S.C. Section 1981a. The plaintiffs timely filed their charges of discrimination within 180 days of occurrence of

1

the last discriminatory act. The plaintiffs timely filed their lawsuit within 90 days of the receipt of their Right-To-Sue Letters from the EEOC.

### III.   PARTIES

4.   Plaintiff Loretta Hines-Smith is an African American female citizen of the United States and a resident of the State of Alabama.

5.   Plaintiff Katrina Smalls-Neal is a African-American female citizen of the United States and a resident of the State of Alabama.

6.   The defendant, ADT Security Service, Inc. (hereinafter "ADT"), is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., as amended by 42 U.S.C. Section 1981a. At all times pertinent to the matters alleged herein, the defendant has employed fifteen (15) or more employees.

### IV.   FACTUAL ALLEGATIONS

#### A.   Loretta Hines-Smith

7.   Plaintiff Loretta Hines-Smith was hired by the defendant on August 31, 2004 as a Sales Representative - Resale. Her supervisor was Kathryn Howard.

8.   While she was employed, on numerous occasions when Ms. Hines-Smith made a sale for the defendant, it would not be credited to her because ADT would give her sales to white and male employees after telling her that the sale she had made could not be completed.

9.   In addition, while Ms. Hines-Smith was employed by ADT, white and male sales employees received leads and assistance in sales and received better positions in which they were able to be more productive in their sales. ADT also segregated its sales assignments so that white sales employees

received leads and assignments to work in more affluent, primarily white geographic areas, while African-American sales employees worked primarily in lower-income more heavily African-American areas.

10. Ms. Hines-Smith was also denied a promotion to the position of Sales Manager. This position was awarded to Pete Gagliano, a white male.

11. On October 31, 2005, Ms. Hines-Smith was terminated from her position with ADT. The reason given by ADT for her termination was not legitimate and was a pretext for discrimination on the basis of Ms. Hines-Smith's race and gender. Ms. Hines-Smith was terminated for being tardy to work, while white and male employees do not have to come in at set times, and even when they do, they have been tardy and not been terminated.

12. ADT discriminated against Ms. Hines-Smith in pay, job assignments, sales assignments, sales leads, charge backs, and other terms and conditions of her employment.

**B.    Katrina Smalls-Neal**

13. Plaintiff Katrina Smalls-Neal was hired by the respondent on June 10, 2005 as a Sales Representative - Resale. Her supervisor was Kathryn Howard. In the three months after Ms. Smalls-Neal was hired, she sold approximately eight alarm systems, which met ADT's quota of two per month.

14. In September 2005, Kathryn Howard terminated Ms. Smalls-Neal's employment with ADT. The reason that Howard gave for Ms. Smalls-Neal's termination was that her performance was not good enough, and she had only sold one alarm system where the sale went through. This was not true.

15. White and male sales representatives who sold fewer alarm systems than Ms. Smalls-Neal did were not terminated. In addition, white and male employees received leads and assistance in sales and received better positions in which they were able to be more productive in their sales. ADT also

segregated its sales assignments, so that white sales employees received leads and assignments to work in more affluent, primarily white geographic areas, while African-American sales employees worked primarily in lower-income more heavily African-American areas.

16. ADT discriminated against Ms. Smalls-Neal in pay, job assignments, sales assignments, sales leads, charge backs, and other terms and conditions of her employment.

## V.   CAUSES OF ACTION

### COUNT I – Gender Discrimination in Violation of Title VII

17. The plaintiffs re-allege and incorporate by reference paragraphs 1-16 above with the same force and effect as if fully set out in specific detail herein below.

18. The plaintiffs bring this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq. as amended by 42 U.S.C. Section 1981a.

19. The defendant discriminated against the plaintiffs because of their female gender in promotions, wages, discipline, discharge and other terms, conditions and privileges of employment.

20. The defendant failed to articulate legitimate, non-discriminatory reasons for denying the plaintiffs promotions, paying them discriminatory wages, disciplining, discriminating against them in job assignments and marketing opportunities, and discharging them.

21. The defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiffs' federally protected rights.

### COUNT II – Race Discrimination in Violation of Title VII and 42 U.S.C. § 1981

22. The plaintiffs re-allege and incorporate by reference paragraphs 1-21 above with the same force and effect as if fully set out in specific detail herein below.

4

23. The plaintiffs bring this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq. as amended by 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981.

24. The defendant discriminated against the plaintiffs because of their African American race, or their association with African Americans, in promotions, wages, discipline, job assignments, marketing opportunities, discharge and other terms, conditions and privileges of employment.

25. The defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiffs' federally protected rights.

26. The defendant failed to articulate legitimate, non-discriminatory reasons for denying the plaintiffs promotions, paying them discriminatory wages, disciplining, and discharging them.

27. The defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiffs' federally protected rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiffs as secured by Title VII, as amended, and 42 U.S.C. Section 1981.

2. Grant the plaintiffs a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII, as amended and 42 U.S.C. Section 1981.

3.      Enter an Order requiring the defendant to make the plaintiffs whole by awarding them reinstatement or frontpay, back pay (plus interest), liquidated damages, punitive damages, compensatory damages, front pay, nominal damages, liquidated damages, loss of benefits including medical, retirement, pension, seniority and other benefits of employment.

4.      The plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**THE PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY.**

Respectfully submitted,

*Susan Donahue*

Susan Donahue
Alabama State Bar No. ASB-4525-A48D
Counsel for Plaintiffs

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**
ADT Security Services, Inc.
291-C Cahaba Parkway
Pelham, Alabama 35124

**REGISTERED AGENT:**
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109